**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HICKORY FARMS, INC.,<br>a Delaware corporation | ) ) ) | Civil Action No. 05 C 4541 |
| Plaintiff-Counterclaim Defendant | ) ) | |
| v. | ) ) | Honorable Matthew F. Kennelly |
| SNACKMASTERS, INC.,<br>a California corporation, | ) ) ) | Honorable Geraldine Soat Brown |
| Defendant-Counterclaim Plaintiff | ) ) | |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S
SUPPLEMENTAL RULE 56(f) SUBMISSION**

Plaintiff-Counterclaim Defendant, Hickory Farms, Inc. (herein sometimes referred to as "Hickory Farms") hereby supplements its previously-filed statement as ordered by the Court with specific requests for discovery which Hickory Farms seeks as necessary to fully respond to Snackmasters' Motion for Summary Judgment. This Supplemental Submission is supported by the attached Rule 56(f) Affidavit of Edward J. Chalfie in Support of Discovery Request.

Specifically, Hickory Farms seeks the following discovery:

1.      Point-of-sale materials related to Snackmasters' products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

2.      Any and all materials related to couponing and other promotional activities related to Snackmasters' products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

3.      Any and all trade announcement sheets related to Snackmasters' products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

4. Any and all correspondence between Snackmasters and distributors, brokers and retailers related to Snackmasters' products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

5. The identification of all retailers who purchased and sold Snackmasters' products identified by the marks BEEF STICK and TURKEY STICK at any time.

6. The identification of Snackmasters' distributors and documentary evidence to be obtained from those distributors, namely, correspondence between the distributors and customers or potential customers related to Snackmasters' products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

7. All correspondence (and related documents) between Snackmasters and Trader Joe's related to the origin of Snackmasters' accused products and packaging, and all documents referring to, relating to or commenting on the purchase and/or sale of any products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

8. All non-privileged documents constituting, referring to, relating to or commenting upon correspondence between Snackmasters and/or Snackmasters' officers, agents or employees and any third party concerning Snackmasters' asserted defense of genericness.

This discovery may show how Snackmasters, its distributors, brokers and retailers use these marks. This discovery may show Snackmasters' bad faith in the use of these marks. This discovery may enable Hickory Farms to offer evidence of public perception of these marks (which Snackmasters has failed to offer).

Further supporting rationale for this request is attached as required in the supporting affidavit of Edward J. Chalfie.  Plaintiff also seeks to preserve its right to conduct a survey and present related evidence of public perception as set forth in the attached Affidavit of Edward J. Chalfie, since Defendant has submitted no such evidence.

Respectfully submitted
Hickory Farms, Inc.

By: _____
One of the attorneys
for Plaintiff - Counterclaim
Defendant Hickory Farms, Inc.

Burton S. Ehrlich
Edward J. Chalfie
John E. McKie
Zareefa B. Flener
LADAS & PARRY LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300

-3-

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HICKORY FARMS, INC.,<br>a Delaware corporation | ) | |
| | ) | Civil Action No. 05 C 4541 |
| | ) | |
| Plaintiff-Counterclaim Defendant | ) | |
| | ) | Honorable Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| SNACKMASTERS, INC.,<br>a California corporation, | ) | Honorable Geraldine Soat Brown |
| | ) | |
| | ) | |
| Defendant-Counterclaim Plaintiff | ) | |

### RULE 56(f) AFFIDAVIT OF EDWARD J. CHALFIE
### IN SUPPORT OF DISCOVERY REQUEST

I, Edward J. Chalfie, of the law firm of Ladas & Parry LLP, am one of the attorneys for the plaintiff in the above-identified proceedings, and this affidavit is being submitted in support of the request that Hickory Farms be allowed to take additional discovery from Snackmasters prior to responding to Snackmasters' Motion for Summary Judgment.

I have more than 25 years experience in intellectual property law with primary emphasis on trademark law. My experience in this field includes representing clients on trademark matters. I have been involved in many adversarial and litigation matters and has served as an expert witness on trademark law.

This Affidavit is being submitted in support of Hickory Farms' request under Rule 56(f) and provides rationale to allow for discovery on issues relevant to Snackmasters' motion. Essential facts to be obtained from discovery would include the following:

1.    Evidence relating to Snackmasters' creation, modification, alteration and use of its packaging bearing the marks BEEF STICK and TURKEY STICK. When

asked by the court whether their motion for summary judgment included the issue of "fair use," Snackmasters' counsel refused to rule out this issue. The defense of fair use requires Snackmasters to establish that it has used the marks, terms or designations BEEF STICK and TURKEY STICK not in a trademark sense, that its use has been "fair" and in "good faith" and only to describe its goods. For instance, an otherwise descriptive term is employed as an attention-getting symbol, its use does not qualify as fair use. Other relevant evidentiary factors determining whether a "fair use" defense will succeed include lettering type style, size and visual placement and prominence of the challenged terms, the potential use of other available terms, the terms previously used or considered for use by the company, its good faith in using the marks, terms or designations BEEF STICK and TURKEY STICK, the motivation of the alleged infringer, the advice the alleged infringer may have received, and a variety of potential other factors. The discovery requested in this regard includes Point-of-sale materials, materials related to couponing and other promotional activities, all trade announcement and sell-in sheets, all correspondence between Snackmasters and distributors, brokers, retailers, consumers or others related to any products identified by the marks, terms or designations BEEF STICK and/or TURKEY STICK.

2. The identification of Snackmasters' distributors and documentary evidence to be obtained from those distributors. If Snackmasters seeks to defend on the basis of "fair use," it must show that its use was based on its good faith. All correspondence related to the creation of Snackmasters' use of the allegedly infringing marks is relevant to this issue. Snackmasters' 30(b)(6) witness testified that a significant portion of its sales were through distributors and brokers. Snackmasters identified brokers but refused to

identify any of its distributors. Hickory Farms requests discovery from Snackmasters and its distributors on underlying communications with respect to the use of the marks BEEF STICK and TURKEY STICK to determine potential instances of bad faith and the rationale for use of the marks or to otherwise negate fair use contentions.

3.     All correspondence between Snackmasters and Trader Joe's related to the origin of Snackmasters' accused products and packaging. This discovery is necessary and appropriate since Snackmasters' 30(b)(6) witness identified Snackmasters' dealings with Trader Joe's as the genesis of Snackmasters' accused activity with respect to the BEEF STICK and TURKEY STICK marks. This would likely provide evidence on the issue of whether or not Snackmasters acted in bad faith.

4.     Survey evidence as to public perception. Snackmasters has not directly raised the issue of public perception of the BEEF STICK and TURKEY STICK marks. If this Court considers public perception of the BEEF STICK and TURKEY STICK marks to be germane to the resolution of Snackmasters' motion for summary judgment (which motion had an absence of any survey evidence) or on issues relating to the resolution of Defendant's claims of genericness, then Hickory Farms wishes to preserve the ability to present evidence of public perception with a survey relating to those issues. Accordingly, Hickory Farms reserves the right to conduct such a survey and present evidence of the same. Such a survey, professionally performed, could take several months to implement, complete and report the survey results by a survey expert. Usually such types of expert surveys are performed after (or near) the close of factual discovery, so that the full factual record may be considered by the survey expert in the design and

implementation of the costly survey. In recognition of this fact, the Court had previously

set expert discovery to close after the close of fact discovery.

Respectfully submitted,

Edward J. Chalfie

State of Illinois )
                 ) ss
County of Cook )

       Edward J. Chalfie, being first duly sworn, deposes and has confirmed that he is
the above-named individual, and the statements in the above Affidavit are true and
correct of his own knowledge or are believed to be true and correct to the best of his
understanding.

Sworn to before me this

31ST   day of AUGUST , 2006

marjorie a. Thomsen
Notary Public

My commission expires: 6-28-07

OFFICIAL SEAL
MARJORIE A THOMSEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-28-07

-4-